## The People *v.* Aybar.

### Appeal from the District Court of Arecibo.

No. 136.—Decided June 9, 1908.

CRIMINAL LAW—DEFAMATORY LIBEL—COMPLAINT SUFFICIENT—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Where there is no bill of exceptions or statement of the facts or brief, and the complaint does not appear to be defective, judgment appealed from must be affirmed.

ID.—DEFAMATORY LIBEL—SUFFICIENCY OF COMPLAINT—REFERENCE TO A PARTICULAR PERSON.—In complaints for defamatory libel it is unnecessary to state the facts showing the application of the article to the person libeled, it being sufficient to allege that the libel was published and referred to such person, as provided by section 87 of the Code of Criminal Procedure.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

This is a case from the District Court of Arecibo wherein Julio Aybar was charged, under sworn complaint, with the crime of libel by the publication under the title of *"Juicios Célebres"*—*"Tribunal Inquisidor,"* in No. 36, corresponding

to February 18, of the current year, of the newspaper called "*Union Obrera*," published in Mayagüez, whereof Aybar is the editor, which article was distributed and read in the city of Arecibo, and contains terms such as "jackal," "consumptive," "bandit official," "coward acting bad faith," the same referring to José I. Gómez, the municipal judge of said city, as alleged in the complaint, to which is attached the article published as a part thereof.

The District Court of Arecibo which took cognizance of said case on appeal, after holding a new trial, found Julio Aybar guilty of the crime of libel in view of the result of the evidence taken, and no cause having been shown why judgment should not be pronounced, the same was rendered sentencing him for the crime of libel to imprisonment in jail for one year and to pay the costs, from which judgment the defendant took an appeal to this Supreme Court.

The record does not contain any bill of exceptions or statement of facts, nor has the appellant filed any brief or made any oral argument in support of the appeal.

Upon an examination of the complaint we do not find it to contain any defect which could invalidate it, for, taken together with the article forming part thereof, it contains all the elements necessary to make up the crime of libel, as defined in the Penal Code in force, and, according to the judgment of conviction pronounced by the lower court, it was shown at the trial that the said article had been published with reference to José I. Gómez.

Such proof had to be adduced at the trial, and it was not necessary to set forth in the complaint facts showing the application of the article to the person libeled, it being sufficient to allege that the defamation had been published with reference to him, according to section 87 of the Code of Criminal Procedure, and we must admit as indisputable that the findings of the judge on the evidence were correct, inasmuch as such findings have not been assailed in any way whatsoever in this Supreme Court.

The sentence conforms to the law, since the defendant Aybar has been punished in accordance with the provisions of section 244 of the Penal Code, which makes the crime of libel punishable by fine not exceeding $5,000 or imprisonment in jail for a term not exceeding one year.

For the reasons stated above, the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.